UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ROBERTO A. ISAAC,                  :
                                   :
            Plaintiff,             :    Civil No. 10-6198 (DRD)
                                   :
    v.                             :
                                   :    O R D E R
BAYONNE POLICE DEPARTMENT,         :
                                   :
            Defendants.            :
_____:

The Court having screened the instant complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and the Court finding that dismissal of Plaintiff's claims is not warranted at this time; and the Court finding that Plaintiff has submitted an application to proceed in forma pauperis; and the Court finding that Plaintiff's claims against Bayonne Police Department should be construed as against the City of Bayonne, see DeBellis v. Kulp, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001)(collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity."); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) (§ 1983 suit against governmental officer in official-capacity represents another way of pleading an action against the entity of which officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action that was brought against city's director

1

of police department as action against the city where city had notice); <u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability);

IT IS on this \_\_7th\_\_ day of \_\_February\_\_, 2011,

ORDERED that Plaintiff may proceed <u>in forma pauperis</u> without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that defendant "Bayonne Police Department" shall be terminated as a defendant, and replaced with defendant "City of Bayonne"; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the warden of the Hudson County Correctional Center; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from

2

Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon the defendant City of Bayonne, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that these defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, if at any time hereafter Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

_____
DICKINSON R. DEBEVOISE
United States District Judge